# Fourth Court of Appeals
## San Antonio, Texas


## MEMORANDUM OPINION

No. 04-19-00751-CV

**IN RE K.J.C., JR.** and J.S.M., Children

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-PA-02668
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:   Luz Elena D. Chapa, Justice

Sitting:      Sandee Bryan Marion, Chief Justice
              Luz Elena D. Chapa, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: April 8, 2020

AFFIRMED

Karl[1] appeals a final order terminating his parent–child relationship with K.J.C., Jr.[2] Karl

argues the order is not supported by sufficient evidence. We affirm the trial court's order.

### PROCEDURAL BACKGROUND

In November 2018, the Texas Department of Family and Protective Services filed a petition

for protection of K.J.C., Jr., conservatorship, and termination of the parent–child relationship.

K.J.C., Jr. was removed based on allegations of neglect, and placed with a paternal aunt. The case

---

[1] To protect the identity of the minor child, we refer to the appellant and the child by fictitious names or initials. *See* TEX. FAM. CODE § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

[2] In the final order, the trial court also terminated Karl's parental rights to another child, J.S.M. At trial, Karl denied J.S.M. was his child and his brief refers to K.J.C., Jr. as "the child," and discusses only the evidence pertaining to "the child." Substantively, Karl does not appear to challenge the termination order as to J.S.M. *See* TEX. R. APP. P. 38.1(i). Alternatively, our analysis also shows why the evidence is sufficient as to J.S.M.'s best interest.

proceeded to a bench trial, at which Karl and the Department's caseworker testified. At the end of trial, the trial court rendered judgment terminating Karl's parental rights.

The trial court signed the final order of termination. The trial court found Karl had knowingly endangered K.J.C., Jr., by conduct and by conditions or surroundings, constructively abandoned K.J.C., Jr., and failed to comply with court-ordered provisions of his family service plan. The trial court also found termination of Karl's parent–child relationship with K.J.C., Jr. is in K.J.C., Jr.'s best interest. Karl filed a timely notice of appeal.

### TERMINATION OF PARENTAL RIGHTS

To terminate parental rights, the Department must prove by clear and convincing evidence: (1) one of the predicate grounds for termination in subsection 161.001(b)(1); and (2) termination is in the child's best interest. TEX. FAM. CODE §§ 161.001(b), 161.206(a). We review the legal and factual sufficiency of the evidence using well-established standards of review. *See id.* § 101.007; *In re J.F.C.*, 96 S.W.3d 256, 263–67 (Tex. 2002). Because Karl challenges only the sufficiency of the evidence to support the trial court's best interest finding, we consider the evidence regarding that finding. *See* TEX. R. APP. P. 38.1(i), 47.1.

In determining the best interest of a child, courts apply the non-exhaustive *Holley* factors. *See Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). Those factors include: (1) the desires of the child; (2) the present and future emotional and physical needs of the child; (3) the present and future physical danger to the child; (4) the parental abilities of the individuals seeking custody; (5) the programs available to assist these individuals to promote the best interest of the child; (6) the plans held by the individuals seeking custody; (7) the stability of the home of the parent and the individuals seeking custody; (8) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and (9) any excuse for the acts or omissions of the parent. *Id.*

K.J.C., Jr. was six years old at the time of trial. There is no evidence about his desires. The Department's caseworker, Glory Bishop, testified K.J.C., Jr. was underweight for his age, could not form words when speaking, and had missed medical and dental checkups. Bishop also testified Karl and K.J.C., Jr. were living out of a car in the Houston area, and Karl was arrested on charges of assaulting his father.

After Karl was released on bond, Bishop contacted Karl and scheduled four visits. Karl did not follow up with Bishop until after he was arrested in the San Antonio area, on charges for assaulting K.J.C., Jr.'s mother. There was one month between Karl's release from jail in the Houston area and his arrest in San Antonio. According to Bishop, Karl did not attend any of the scheduled visits. Bishop testified Karl "stated he was homeless and trying to get himself together."

Bishop further testified she prepared a family service plan Karl could complete while in jail. Although Karl completed a parenting course, he failed to complete individual therapy and a psychological evaluation.

Bishop testified K.J.C., Jr. was bonded with his paternal aunt. She explained K.J.C., Jr. was initially placed in a foster home and experienced behavioral issues. But after being placed with his paternal aunt, he had no behavioral issues. Bishop further testified the paternal aunt is ensuring K.J.C., Jr. is participating in trauma therapy, is learning how to properly care for him, is feeding and clothing him without requiring any financial assistance, and she plans to adopt him.

Karl testified, pleading the Fifth Amendment regarding his arrests. However, he noted he had not been officially convicted of any charges and stated he had also been charged with criminal mischief. He further testified he left K.J.C., Jr. with K.J.C., Jr.'s mother, knowing she had drug issues.

The evidence shows Karl has no stable housing, no employment, medically neglected K.J.C., Jr., missed visits with K.J.C., Jr., a history of incarcerations and domestic violence, and

declined to participate in most services provided to him for his self-improvement. We hold the evidence is legally and factually sufficient to support the trial court's finding that termination of Karl's parental rights is in Karl, Jr.'s best interest. *See id.*

## CONCLUSION

We affirm the trial court's order of termination.

Luz Elena D. Chapa, Justice